**Grant WILSON, Jr., Appellant,**

v.

**Frank MADIGAN and People of the State of California, Appellees.**

**No. 21684.**

United States Court of Appeals
Ninth Circuit.

Jan. 16, 1968.

Edward L. Cragen (argued), John J. Fahey, San Francisco, Cal., for appellant.

Jerome C. Utz, Deputy Atty. Gen. (argued), Thomas Lynch, Atty. Gen. of State of Cal., Robert R. Granucci, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before CHAMBERS, POPE and DUNIWAY, Circuit Judges.

PER CURIAM:

Footnote 37, at page 468, of Miranda v. State of Arizona, 384 U.S. 436, in part reads as follows:

"In accord with our decision today, it is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of accusation. Cf. Griffin v. State of California, 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106] (1965); Malloy v. Hogan, 378 U.S. 1, 8 [84 S.Ct. 1489,

1493, 12 L.Ed.2d 653] (1964); Comment, 31 U.Chi.L.Rev. 556 (1964); Developments in the Law—Confessions, 79 Harv.L.Rev. 935, 1041–1044 (1966). See also Bram v. United States, 168 U.S. 532, 562 [18 S.Ct. 183, 194, 42 L.Ed. 568] (1897)."

Wilson's state trial was completed prior to June 13, 1965, the date of the Miranda decision.

If footnote 37 of Miranda is retroactive, Wilson has a point of some substantiality on the use of testimony that he remained silent under a suggestion of an officer of his complicity in the crime for which he was convicted.

We hold that Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 is applicable and that the holding of footnote 37 was not retroactive.

Affirmed.